UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORENE M. BECKER,

            Plaintiff,

v

PETER KAP LIAN THANG,

            Defendant.
_____/

Docket No. 1:23-cv-763

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Dorene M. Becker, by and through her attorneys, KONING & JILEK, P.C., and for her Complaint against the Defendant, states as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is a Michigan third party automobile negligence claim arising out of an August 18, 2020 automobile collision.

2. This Court has subject jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. §1332 (diversity).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

4. The amount in controversy and the damages do exceed $75,000, exclusive of fees and costs.

### THE PARTIES

5. Plaintiff is a United States citizen and domiciled in the State of West Virginia; her residence is currently located in the City of Hugheston, County of Kanawha, State of West Virginia.

6. At the time of the collision outlined herein, Plaintiff was United States citizen and domiciled in the State of Indiana; her residence was located in the Town of Waterloo, County of DeKalb, State of Indiana.

7. By information and belief, Defendant is a United States citizen and domiciled in the State of Michigan; by information and belief, his residence is located in the City of Springfield, County of Calhoun, State of Michigan.

## COUNT I

8. Plaintiff incorporates by reference and realleges each paragraph, 1 through 7, as though fully set forth herein.

9. On or about August 18, 2020, at or about 5:20 p.m., Plaintiff was operating a 2015 Volkswagen Golf, Registration No. D937UN, southbound on Fiske Road and was waiting to turn westbound on Newton Road, in Coldwater Township, Branch County, Michigan.

10. At the same time and place, Defendant was operating a 2009 Cadillac Escalade, Registration No. 8MNK24, when he negligently rear-ended the vehicle being operated by Plaintiff.

11. At the same time and place, Defendant owed the Plaintiff and the public the duty to obey and drive in conformity with the duties embodied in the common law and the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of Coldwater Township, Branch County, Michigan.

12. Defendant did then and there display ordinary, gross, willful and wanton negligence and misconduct by negligently rear ending Plaintiff's vehicle, causing the collision.

13. At the same time and place, Defendant was guilty of ordinary, gross, willful and wanton negligence and misconduct as follows:

    a.  in failing to keep a reasonable lookout for other persons and vehicles using the highway;

    b.  in failing to drive with due care and caution;

    c.  in failing to take all possible precautions to avoid any collision with other motor vehicles;

    d.  in failing to make or renew observations of the conditions of traffic;

    e.  in failing to yield the right of way; and

    f.  in failing to operate the vehicle safely under the conditions then and there existing.

14. Defendant was further negligent in failing to obey and drive in conformity with the common law and Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of Coldwater Township, Branch County, Michigan.

15. Among those statutes Defendant violated include, but are not limited to the following: M.C.L. §257.677 (view or control of driver); M.C.L. §257.626 (reckless driving); M.C.L. §257.626(b) (careless or negligent driving); M.C.L. 257.627 (assured clear distance); M.C.L. 257.668 (failure to yield) and others.

16. As a proximate cause of Defendant's negligence, Plaintiff was seriously injured and suffered a serious impairment of body function and/or permanent serious disfigurement as follows: left shoulder injuries, including damage to her labrum with SLAP tearing and impingement; left shoulder injuries, including full-thickness rotator cuff tearing and impingement, requiring surgery; numbness and pain in neck; left shoulder/arm pain; permanent scarring; and other injuries to other

parts of her body, externally and internally, and some or all of which interfere with her enjoyment of life and caused Plaintiff great pain and suffering.

17. As a proximate result of her injuries, Plaintiff suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with her enjoyment of life, and more generally became sick and disabled, and some or all of her injuries, may be permanent in nature.

18. Should it be determined at the time of trial that Plaintiff was suffering from any pre-existing conditions, at the time of the crash, the negligence of Defendant precipitated, exacerbated, and aggravated any such pre-existing conditions.

19. Plaintiff claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed above.

WHEREFORE, Plaintiff asks for a judgment for whatever amount she is found to be entitled, plus court costs, attorney fees, and interest from the date of filing this Complaint.

## COUNT II

20. Plaintiff incorporates by reference and realleges each paragraph, 1 through 19, as though fully set forth herein.

21. Plaintiff claims damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations plus all other economic damages allowable under the Michigan No-Fault Law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendant in an amount in excess of $75,000, plus costs, interest, and attorney fees.

Respectfully submitted,

KONING & JILEK, P.C.

Dated: July 18, 2023                              /s/ Jonathan N. Jilek
                                                  Jonathan N. Jilek (P65299)
                                                  Attorney for Plaintiff
                                                  Koning & Jilek, P.C.
                                                  8080 Moorsbridge Road, Suite 103
                                                  Portage, MI 49024
                                                  (269) 343-1500
                                                  jjilek@koningjilek.com

## JURY DEMAND

Plaintiff, Dorene M. Becker, through her counsel, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

KONING & JILEK, P.C.

Dated: July 18, 2023                              /s/ Jonathan N. Jilek
                                                  Jonathan N. Jilek (P65299)
                                                  Attorney for Plaintiff
                                                  Koning & Jilek, P.C.
                                                  8080 Moorsbridge Road, Suite 103
                                                  Portage, MI 49024
                                                  (269) 343-1500
                                                  jjilek@koningjilek.com